**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                               :         Chapter 7

In re:                           :

                               :         Case No. 13-36177 (cgm)

     Alfred and Maritza Ortiz,         :

                               :

                    Debtor.    :

                               :
-------------------------------------------------------------X

**A P P E A R A N C E S :**

David S. Waltzer
Law Offices of David S. Waltzer, PC
1 Central Avenue, Suite 307
Tarrytown, NY 10591
Attorneys for Debtors

**MEMORANDUM DECISION ON ATTORNEYS' RULE 2016(b) STATEMENT**

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

**Introduction**

      The Court set a hearing in this case to request information regarding the scope of the

attorney's representation, pursuant to his inconsistent Rule 2016(b) Statement as defined below.

The Court now finds that debtors' attorney impermissibly excluded routine matters that are

required of every attorney representing a consumer debtor in bankruptcy.

**Background**

      Alfred and Maritza Ortiz ("Debtors") filed a chapter 7 petition on May 22, 2013, through

their counsel, the Law Offices of David S. Waltzer, PC ("Law Firm"). In the Disclosure of

Compensation of Attorney for Debtor(s) form ("Rule 2016(b) Statement") filed with the petition,

the Law Firm set forth that it had received a flat fee of $1,494.00 in pre-petition compensation.

In return for this fee, the Law Firm:

> [A]greed to render legal services for all aspects of the bankruptcy case, including:
>
> a.    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
> b.    Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
> c.    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
> d.    [Other provisions as needed]

*See Disclosure of Compensation of Attorney for Debtor(s),* ECF No. 1, pg. 34, ¶ 5.

The Rule 2016(b) Statement also indicated that, by agreement with the Debtor, the

following services were excluded from the fee:

> Over one hour of post 341a work. More than one 341a appearance (except if caused by attorney). Amendments due to client error or omission. Reaffirmations. Redemptions. Adversary Proceedings. Litigation and/or negotiation with trustee or 3rd Party. Credit Repair.

*Id*. at ¶ 6.  Notably, the Rule 2016(b) Statement specified that the Law Firm had agreed to share

the fee with a person or persons who are not members or associates of the Law Firm, and that a

copy of such agreement, together with a list of the people sharing in the compensation was

attached.  No such agreement was attached to the Rule 2016(b) Statement, but instead the

following details were provided: "Attorney may hire appearance counsel to attend the first

341(a) meeting.  Attorney will pay between $75 and $150 for the appearance.  These fees will

not be passed onto the Debtor." *Id*. at ¶ 4.

### Discussion

When a bankruptcy petition is filed, every debtor's attorney is required to comply

with § 329(a) of the Bankruptcy Code, which requires:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C § 329(a).  As noted in § 329(a), a statement of compensation must be filed with the court, the details of which are found in Federal Rule of Bankruptcy Procedure 2016(b):

> Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

Fed. R. Bankr. P. 2016(b).

Disclosure of compensation pursuant to § 329 and Rule 2016(b) is mandatory, not permissive. S*ee e.g., In re Basham*, 208 B.R. 926 (B.A.P. 9th Cir. 1997); *In re Kowalski*, 402 B.R. 843, 848 (Bankr. N.D. Ill. 2009) (citing *In re Whaley*, 282 B.R. 38, 41 (Bankr. M.D. Fla. 2002)); *In re Bennett*, 133 B.R. 374, 378 (Bankr. N.D. Tex 1991).  The Bankruptcy Code requires fee disclosure so that courts can "prevent overreaching by debtors' attorneys and give interested parties the ability to evaluate the reasonableness of the fees paid." *In re Hackney*, 347 B.R. 432, 442 (Bankr. M.D. Fla. 2006); *In re Waldo*, 417 B.R. 854, 893 (Bankr. E.D. Tenn 2009) (citing *Jensen v. United States Trustee (In re Smitty's Truck Stop, Inc.)*, 210 B.R. 844, 848 (B.A.P. 10th Cir. 1993)).  "[P]ayments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny." *Hackney*, 347

B.R. at 442 (quoting H.R. Rep. No. 95–595, at 329 (1977), *as reprinted in* 1978 U.S.C.C.A.N.

5787, 6285).

The Court has an "independent duty to review any fee application, even in the absence of

an objection from an interested party." *In re Smith*, 331 B.R. 622, 627-28 (Bankr. M.D. Pa.

2005) (citing *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 822, 841 (3d Cir. 1994)). "Broad

discretion is vested in the court to conduct such review." *Smith*, 331 B.R. at 628 (internal

citations omitted).

## I.      Limitations on Representation

Once a petition is filed, an attorney representing the debtor must shepherd the client

through the bankruptcy process, to its conclusion. *In re Bancroft*, 204 B.R. 548, 552 (Bankr.

C.D. Ill. 1997). Representation of a debtor in a consumer bankruptcy case includes assisting the

debtor "through the normal, ordinary, and fundamental aspects of the [bankruptcy] process." *See*

*In re Castorena*, 270 B.R. 504, 530 (Bankr. D. Idaho 2001). The court in *Castorena* indicated

that such representation:

> [I]nclude[s] the proper filing of all required schedules, statements and
> disclosures; preparation and filing of necessary amendments to the same;
> attendance at the § 341 meeting; turnover of assets to the trustee, and cooperation
> with the trustee; compliance with the tax turnover and other orders of the Court;
> performance of the duties imposed by § 521(1), (3) and (4); counseling in regard
> to § 521(2) and the reaffirmation, redemption, surrender or retention of consumer
> goods securing obligations to creditors, and assisting the debtor in accomplishing
> those aims; and responding to issues that arise in the basic milieu of the
> bankruptcy case, such as violations of stay and stay relief requests, objections to
> exemptions and avoidance of liens impairing exemptions, and the like.

*Id*. at 530.

While an attorney may limit the scope of representation, "a practice colloquially referred

to as 'unbundling' . . . [such limitation must be] consistent with the rules of ethics and

professional responsibility binding on all attorneys." *In re Seare*, 493 B.R. 158, 176 (Bankr. D.

Nev. 2013); *see also id.* at 180 ("Attorneys are professionals. Individuals place their financial lives, and more, in their attorney's hands.  Attorneys have ethical obligations to their clients regardless of the economic pressures which might exist.") (citing *Castorena*, 270 B.R. at 530-31).  Although "there is no local rule [in this District] regarding what services must be included in the [attorney's] flat fee . . . [s]ervices that are not considered 'typical' may be properly excluded . . . so long as the client receives proper notice of what is and is not included." *In re Cahill*, 478 B.R. 173, 177 (Bankr. S.D.N.Y. 2012).

### A.    Section 341(a) Meeting of Creditors

The flat fee of $1,494 disclosed on the Law Firm's Rule 2016(b) Statement excluded "[m]ore than one 341(a) appearance (except if caused by the attorney)."  This exclusion is valid if it comports with the applicable New York Rules of Professional Conduct.  *See Kittay v. Kornstein*, 230 F.3d 532, n.2 (2d Cir. 2000) (stating that federal bankruptcy courts sitting in New York apply New York state law to ethical disputes).

New York Rule of Professional Conduct 1.2(c) provides that "[a] lawyer may limit the scope of the representation *if the limitation is reasonable* under the circumstances, the client gives informed consent, and where necessary notice is provided to the tribunal and/or opposing counsel." N.Y. R. Prof. Con. R. 1.2(c) (emphasis added).  The Court finds it *unreasonable* to exclude more than one § 341(a) meeting of creditors from an attorney's flat fee in a chapter 7 case.  The filing of a bankruptcy petition sets "in motion a series of events, including the first meeting of creditors, which exposes a layperson [debtor] to a plethora of legal hurdles . . . [including] questioning by a professional trustee and attorneys representing creditors." *Bancroft*, 204 B.R. at 551.  The § 341(a) meeting is a "fundamental and core obligation" of any attorney representing a debtor. *Castorena*, 270 B.R. at 530; *see also In re Harwell*, 439 B.R. 455, 458

(Bankr. W.D. Mich. 2010) ("For many debtors, [the § 341 meeting] is an intimidating experience. Having an attorney at the first meeting, preferably one with direct knowledge of a debtor's schedules and pre-bankruptcy circumstances, provides considerable comfort and crucial assistance."). Multiple courts agree that an attorney, engaged in representation of the debtor, must appear on behalf of a client at the § 341(a) meeting of creditors. *See In re Johnson*, 291 B.R. 462, 468 (Bankr. D. Minn. 2003) (noting that the § 341(a) meeting is a core event in a bankruptcy case, and that "it is difficult to fathom a basic, original retainer not including counsel's attendance and representation at the 341 meeting"); *In re Josey*, 195 B.R. 511, 514 (Bankr. N.D. Ga. 1996) ("Attorneys for debtors cannot adequately represent their clients if they fail to appear at the § 341 meeting."); *Castorena*, 270 B.R. at 530.

The court in *In re Seare* noted that "representation at the Section 341 meeting is mandatory to fulfill the duty of competence; it is part of the bundle of services that are reasonably necessary to achieve the client's reasonably anticipated result—a discharge." 491 B.R. at 193; s*ee also id.* at 192-94. "Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." N.Y. R. Prof'l. Con. 1.2(c). Thus, an attorney must apply his or her professional skills and knowledge at the first meeting of creditors to fulfill the duty of competence. *See also Bancroft*, 204 B.R at 551-52 (questioning whether an attorney can uphold his duty of competency under the Illinois Rules of Professional Conduct without first attending the meeting of creditors). Considering how important the meeting of creditors is to a debtor's case, excluding more than one appearance violates New York Rule of Professional Responsibility 1.2(c).

B.    Use of Appearance Counsel

The Rule 2016(b) Statement filed in this case indicates that appearance counsel may be hired to attend the § 341(a) meeting of creditors.  The Court does not find that it is per se inappropriate for a debtor's attorney to have another attorney, unrelated with the firm, represent the debtor at the § 341(a) meeting.  Rather, any attorney who appears on behalf of a debtor at a § 341(a) meeting, and receives compensation for such appearance, must file his or her own Rule 2016(b) statement disclosing such compensation.  *See In re Bernhardt*, 2012 WL 646150, at *5 (Bankr. D. Colo. Feb. 28, 2012); *In re Johnson*, 411 B.R. 296, 302 (Bankr. E.D. La. 2008). This is true even if the fee for appearing is not directly passed on to the debtor.  Section 329(a) of the Bankruptcy Code makes clear that "[a]ny attorney representing the debtor in a case . . . or in connection with such case . . . whether or not such attorney applies for compensation . . . shall file with the court a statement of compensation paid or agreed to be paid . . . for services rendered . . . in connection with the case by such attorney." 11 U.S.C. § 329(a).  Although appearance counsel may not "represent" the debtor in the bankruptcy case, they certainly appear on behalf of the debtor "in connection with such case." Thus, a separate Rule 2016(b) statement must be filed by "[e]very attorney for a debtor" that falls within the scope of § 329(a) of the Bankruptcy Code. *See* Fed. R. Bankr. P. 2016(b); *see also In re Bell*, 212 B.R. 654, 657 (Bankr. E.D. Cal. 1997) ("Whether or not a debtor's counsel appears 'of record' in a bankruptcy case, he or she must comply with Rule 2016(b) and Section 329(a)."); *In re Cowan*, 620 F. Supp. 2d 867, 870-71 (E.D. Tenn. 2009); *In re Downs*, 103 F.3d 472, 477 (6th Cir. 1996).

### C.    Additional Limitations

The Rule 2016(b) Statement additionally excluded"[o]ver one hour of post 341a work," "[a]mendments due to client error or omission," "[r]eaffirmations," and "[r]edemptions" from the flat fee.  These services may only be unbundled if the limitations are reasonable and the

client gives their informed consent. *See* N.Y. R. Prof'l. Con. 1.2(c); *Seare*, 493 B.R. at 197-203.

Informed consent requires adequate disclosure and valid consent. "Disclosure involves the

attorney explaining to a debtor the nature of the bankruptcy process, what problems could or will

be encountered, how those problems should be addressed, and the risks or hazards, if any,

associated with those problems. Consent involves a clear understanding on the part of the debtor

as to these factors and the possible results of a debtor proceeding without an attorney being

present." *Bancroft*, 204 B.R. at 552.  Notwithstanding a client's informed consent to his or her

attorney's limited representation, certain exclusions may not be reasonable.

A lawyer who agrees to represent a debtor in a consumer bankruptcy case must act as his

or her attorney for all "normal, ordinary, and fundamental aspects" of the case, including

amendments to the schedules and other routine representation necessary to ensure that the debtor

receives a discharge.  *See Castorena*, 270 B.R. at 530; *In re Egwim*, 291 B.R. 559, 574 (Bankr.

N.D. Ga. 2003) ("Unless and until a lawyer is permitted to withdraw from representation of the

chapter 7 debtor, the lawyer is obligated, by rules of this Court as well as by standards of

professional responsibility, to represent the client in any matter filed in the Court or related to the

bankruptcy representation").  Although this District does not provide an exhaustive list of those

services required by a debtor's attorney in a chapter 7 case, other jurisdictions provide guidance

that this Court finds persuasive. *See e.g.,* E.D.N.Y. LBR 2090-2(a) (stating that an attorney of

record for a debtor, or an attorney acting of counsel to such attorney shall appear on behalf of the

debtor in every aspect of the case, including the § 341 meeting, adversary proceedings, contested

matters, motions, or applications filed against the debtor, while providing that only adversary

proceedings may be excluded form representation); W.D.N.Y. LBR 2016-1 (listing certain basic

services to be performed by any attorney for a chapter 7 debtor, including: (i) representation at

the § 341 meeting; (ii) amending lists, statements, and schedules to comport with developments

of the case; (iii) negotiate, prepare, and file reaffirmation agreements; and (iv) motions to redeem

exempt personal property from liens); N.D.N.Y. LBR 2016-3 (listing certain required duties of

an attorney representing a chapter 7 debtor, including: (i) appear personally and represent the

debtor at any scheduled § 341 meeting; (ii) prepare and file all lists, schedules, and statements, as

well as any amendments that may be necessary; (iii) advise the debtor, and negotiate, prepare,

and file reaffirmation agreements; (iii) prepare and file a motion to redeem exempt or abandoned

personal property).

### Conclusion

The Law Firm is directed to represent the Debtors in this case consistent with this

decision.


Dated: Poughkeepsie, New York
      August 20, 2013            /s/ Cecelia G. Morris
                                      CECELIA G. MORRIS
                                      CHIEF UNITED STATES BANKRUPTCY JUDGE